Van Wyck, J.
In the complaint it is alleged that in September, 1886, the plaintiff and defendant (a domestic corporation) entered into co-partnership for the term of one year, in the business of dealing in second-hand sugar bags; that plaintiff was entitled to one-fourth and the defendant to three-fourths' of the profits; that said co-partnership agreement was never reduced to writing, though plaintiff often demanded that it should be; that, for about six weeks, the plaintiff and defendant earned on said business, to some time in November, 1886, when defendant refused to continue in business with plaintiff, and for this breach of the contract he demands judgment for $2,000 damages against defendant.
The elements of damage set forth w7ere the loss of profits of a profitable business and the acquirement by defendant of a knowledge of the business from plaintiff.
The plaintiff received his-share of the profits earned up to the time of the alleged breach or refusal of defendant to continue in business with plaintiff. Whatever the agreement was, or with whomsoever it was made, rests upon the plaintiff’s conversations with Paul Weidmann, Sr. (president of defendant), and Paul Weidmann, Jr. (one of the trustees of defendant), which conversations, stated most favorably to plaintiff, were to the effect that Weidmann, Sr., said to plaintiff, “I am acting for .the company,” meaning defendant, “and I will furnish the money to buy the bags, etc., and you your services. I will take three-fourths of the net profits, and you shall have one-fourth of the net profits,” to which the plaintiff assented.
Then plaintiff said, in the presence of Weidmann, Sr., to Weidmann, Jr.: “Now, we had better draw up the papers right away and have them signed, have the whole thing settled;” to which Weidmann, Jr., replied: “We are busy; come in to-morrow7.” The next morning plaintiff said to Weidmann, Jr: “Can’t we have those papers drawn up and signed?” When Weidmann, Jr., replied, that his *301 father, Weidmann, Sr., had gone away for two weeks, adding “and you will have to wait till he comes back.” Plaintiff said to Weidmann, Jr.: “I want those papers drawn up for five years;” to which Weidmann, Jr., replied: “I hope it will last fifty years.”
Whether this testimony is sufficient to establish a contract of copartnership with the defendant, a corporation, without some corporate act authorizing or ratifying the same, or whether a corporation can form a corpartnership with an individual, or whether a verbal agreement for the formation of a copartnership for more than a year is valid under the statute of frauds, it will not be necessary for us to decide. Assuming there was a copartnership agreement between the plaintiff and defendant, there was no breach, because it was for no limited or specified term, and hence was dissolvable at the will of either party. Story on Partnership § 269.
There was no meeting of the minds on the time for which the partnership was to continue, on the most favorable construction to plaintiff of the only evidence on this point, to, wit, that part of plaintiff’s testimony in which he states he said to Weidmann, Jr., “I want it for five years” to which Weidmann, replied, “I hope1 it will last for fifty years.” Weidmann, Jr., had just told plairitiff that he would have to wait two weeks and see his father, Weidmann, Sr. This manifestly left the term of the partnership unsettled.
This action is based solely upon an alleged breach of a copartnership agreement, in that defendant terminated the same and refused to continue in business with plaintiff under such contract. The agreement did not fix the term, and it could be dissolved at the will of either party.
Of course, the plaintiff was entitled to his share of any assets of the copartnership when dissolved, but this action is not brought to recover such share.
For these reasons the judgment and order appealed from must be affirmed with costs.
Osborn, J., concurs.